**Xue Bing ZHENG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE; Alberto R. Gon-**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

zales,* Attorney General, Respondents.

No. 03–70830.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 18, 2005.

Decided April 29, 2005.

Allan A. Samson, Esq., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Esq., Christopher C. Fuller, Ari Nazarov, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondents.

Before: NOONAN, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM **

Xue Bing Zheng petitions for review of an order of the Board of Immigration Appeals (the BIA) summarily affirming the decision of the immigration judge ("IJ") and denying his application for asylum. We are compelled to reverse and remand.

Zheng sought asylum and withholding of deportation on the grounds that he had been persecuted on account of his religion by the Chinese Communist government and feared such persecution in the future. 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158.

The transcripts of the merits hearings make it clear that the IJ's decision was influenced by what she perceived to be Zheng's lack of knowledge of the basic tenets of Christianity. The IJ's conclusion is not supported by the record. Over the course of the merits hearings, Zheng testified about the creation story, the four Gospels, the story of the crucifixion, the resurrection, and Jesus' healing of the sick. The IJ erred when she failed to credit the extent to which Zheng demonstrated knowledge of Christian teachings. Although the IJ stated that she based her denial of Zheng's application solely on his

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

inconsistent testimony, the record demonstrates that she impermissibly relied on what she perceived to be Zheng's lack of knowledge of the basic tenets of Christianity. This improper reliance pervades the record and her analysis. Her findings were not based on substantial evidence. The inconsistencies in Zheng's testimony upon which the IJ expressly rested her adverse credibility finding are either minor or not supported by substantial evidence. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002); *see also* 8 U.S.C. § 1252(b)(4)(B).

The petition is GRANTED; the case is REMANDED. We request that it be assigned to a different Immigration Judge. *Arulampalam v. Ashcroft*, 353 F.3d 679, 689 (9th Cir.2003).